Before STATE INDUSTRIAL BOARD, Respondent.
CIRO CUCCIA, Claimant, Respondent, *v.* JOHN J. ROBERTS CONTRACTING COMPANY and Another, Appellants.

Third Department, March 7, 1923.

**Workmen's compensation — notice served on bookkeeper who was not in charge of business of corporate employer not sufficient under Workmen's Compensation Law, § 18 — facts not found to excuse failure to give written notice.**

The service of notice of injury on a bookkeeper of the corporate employer, who was not in charge of the business in the place where the injury occurred, was not a compliance with section 18 of the Workmen's Compensation Law.

The finding by the Industrial Board that the employer had actual knowledge of the injury was not supported by a finding of facts upon which the failure to give written notice could have been excused.

APPEAL by the defendants, John J. Roberts Contracting Company and another, from an award of the State Industrial Board, made on the 25th day of July, 1922.

*E. C. Sherwood [William B. Davis of counsel], for the appellants.*

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the respondents.*

KILEY, J.:

There is evidence in this record from which the Industrial Board could find that the claimant, while at work for the appellant employer, fell from one floor to the one below, a distance of about eight feet, and that he suffered the injuries for which he was awarded compensation, and that they arose out of and in the course of his employment. As an original trier of the fact, I would not be satisfied with the evidence, but under section 20 of the Workmen's Compensation Law, as amended by chapter 629 of the Laws of 1919 (now Workmen's Compensation Law of 1922, § 20), we cannot reverse because of such unsatisfactory evidence. The main question raised by the appellants, which is open to our consideration, is that of notice. There were some unsworn statements of the representative of the claimant that he served a notice made out by him upon the employer. That he did hand a paper of some kind to a bookkeeper of the employer, which he transmitted to the carrier, appears from the evidence. The employer is a corporation, and section 18 of the Workmen's Compensation Law, as amended by chapter 634 of the Laws of 1918, provides how service shall be made on a corporation. " Then such notice may be given to any agent or officer thereof upon whom legal process may be served, or any agent in charge of the business in the place where the injury occurred." The bookkeeper is not one of the officers above named (Code Civ. Proc. § 431; Civ. Prac. Act, § 228), and he was not in charge of the business. The finding upon which jurisdiction to make the award is predicated reads as follows: " 5. The employer herein had due notice of the injury inasmuch as written notice of injury was sent to him, and he also had actual knowledge of the injury to the claimant." There is evidence in the record in and by which the failure to give written notice could have been excused if the State Industrial Board determined to so find, and such excuse could have been based upon evidence that the immediate foreman of the claimant was notified next day by a fellow-workman. This court cannot approve of such a double-

headed and loose finding as found in this case on the quest on of notice. Jurisdiction predicated upon written notice was not obtained. Facts upon which the failure to give written notice could have been excused were not found.

The award should be reversed and the matter returned to the State Industrial Board for further consideration. As the error necessitating the appeal was committed by said Board, costs should be awarded against it in favor of the carrier.

H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HAS-BROUCK, JJ., concur.

Award reversed and matter remitted to the State Industrial Board for further consideration, with costs against the State Industrial Board.